**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4253

LUTHER R. SIGMON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-93-89)

Submitted: April 6, 1999

Decided: April 22, 1999

Before ERVIN and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Charleston, West Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Joseph W.H. Mott, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Luther R. Sigmon appeals from the judgment and sentence imposed on his convictions for conspiracy to distribute marijuana, possess marijuana, possess with intent to distribute marijuana, distribute cocaine, possess with intent to distribute cocaine, and money laundering.**1** See 18 U.S.C. § 1956(a)(1)(A)(i) (West Supp. 1998); 21 U.S.C. § 846 (1994). On appeal, Sigmon contends that the court erred in enhancing his sentence pursuant to 21 U.S.C.§ 841(b)(1)(B) (West Supp. 1998). He also contends that he received ineffective assistance of counsel. Finding no reversible error, we affirm.

In January 1991, while transporting marijuana from Texas to Virginia, Sigmon was arrested in Tennessee and charged with possession with intent to distribute marijuana. He was convicted of the charge by a Tennessee state court in October 1991 and sentenced to one year in prison. In August 1993, a superseding indictment was issued by a federal grand jury charging Sigmon with conspiracy to distribute cocaine and marijuana from January 1989 until August 1993 and money laundering. One of the overt acts charged in the indictment was conduct that was the basis for the Tennessee conviction. In April 1994, Sigmon pled guilty to the two federal charges. Prior to his guilty plea, the Government filed an information pursuant to 21 U.S.C. § 851

_____

**1** Sigmon was convicted for the offenses in 1994. He did not note an appeal, but he subsequently filed a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), contending that both his attorney and the court failed to notify him of his right to appeal. The court found that Sigmon was not properly notified of his right to appeal, vacated the 1994 judgment, and reentered an amended final judgment in March 1998. Sigmon filed a timely notice of appeal from the amended final judgment.

(1994) alleging that Sigmon was subject to enhanced punishment under § 841(b)(1)(B).**2**

In June 1994, Sigmon was sentenced to concurrent terms of 120 months' imprisonment on the conspiracy conviction and 40 months' imprisonment on the money laundering conviction. The court applied the penalty enhancement of § 841(b)(1)(B) without objection from Sigmon.

Sigmon now contends that the court committed plain error by using the 1991 Tennessee conviction as a basis for enhancing his federal sentence. Sigmon contends that since the conspiracy offense included as overt conduct the conduct that was the basis for the Tennessee conviction, his sentence should not be enhanced based on that conviction. The Government contends that in spite of the fact that such conduct was also one of the overt acts committed during the course of the conspiracy, the enhancement was proper because Sigmon engaged in the unlawful conspiratorial conduct after the Tennessee conviction became final.

Because Sigmon did not object at sentencing to the imposition of the ten-year minimum sentence, our review is limited to plain error. Under this standard, we must find that (1) an error was committed, (2) the error was plain, and (3) the error affected Sigmon's substantial rights. If these requirements are satisfied, we must also decide whether the error affected the fairness, integrity, or public reputation of judicial proceedings. See United States v. Ford, 88 F.3d 1350, 1355-56 (4th Cir. 1996).

There was no error in this instance. As we observed in United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997), the purpose of the mandatory minimum sentence is to target recidivism. The Government presented substantial evidence that Sigmon engaged in the conspiracy even after his 1991 conviction became final. At Sigmon's guilty plea hearing, a government investigator testified as to Sigmon's

_____

**2** Section 841(b)(1)(B) mandates that a defendant serve a minimum of ten years in prison if the offense of conviction involves more than 100 kilograms of marijuana and the defendant committed the offense of conviction after a prior, final felony drug conviction.

3

unlawful conspiratorial conduct after he served his prison sentence for the 1991 conviction. The presentence investigation report also included details of Sigmon's participation in the drug conspiracy after his release from prison, and the court adopted the presentence report as its findings of fact. According to the report, after his release, Sigmon continued to transport large quantities of marijuana from Texas to Virginia. This "is precisely the type of recidivism to which section 841 is addressed." Id. Furthermore, because Sigmon's Tennessee conviction was final in November 1991, his unlawful post-incarceration conduct certainly occurred after his conviction was final. Accordingly, we conclude that the court did not err in enhancing Sigmon's sentence.

Sigmon also contends that his counsel was ineffective for failing to object to the Government's use of statements made by Sigmon at a pre-trial detention hearing that concerned his trips to Texas. According to Sigmon, the Government presented the statements to a grand jury that subsequently indicted Sigmon. It is well established that ineffective assistance of counsel claims should be raised by motion under 28 U.S.C. § 2255 (West 1994 & Supp. 1998), unless the record before the court conclusively demonstrates that counsel was ineffective. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the record does not conclusively show that counsel was ineffective, we decline to review this issue.

Accordingly, we affirm Sigmon's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4